UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| EVELYN B. PARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>) Jury Demanded<br>)<br>)<br>) |

## COMPLAINT FOR REFUND

Plaintiff, Evelyn B. Parris, brings this action and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the internal revenue laws of the United States for recovery of tax penalties and related interest erroneously and illegally assessed and collected from the plaintiff, Evelyn B. Parris.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1346(a)(1) and Title 26, United States Code, Section 7422.

3. Plaintiff, Evelyn B. Parris, is a citizen of the United States and currently resides at 9207 Old Kingston Road,

1

Loudon, Tennessee 37774.

4. Plaintiff is a self-employed, individual taxpayer, doing business as H&B Bookkeeping & Tax Service.

5. Venue is proper within this jurisdictional district pursuant to Title 28, United States Code, Sections 1402(a)(1) and 1402(a)(2).

6. The defendant is the United States of America.

## FACTUAL ALLEGATIONS

7. On May 5, 2008 and May 12, 2008, the Internal Revenue Service assessed miscellaneous penalties under Section 6694(a) and (b) of the Internal Revenue Code (Title 26, United States Code) totaling $500.00 against plaintiff for preparer penalties related to the following period and in the following amounts:

| **Period Ended** | **AMOUNT** |
|---|---|
| 12/31/2006 | $ 250.00 |
| 12/31/2006 | $ 250.00 |

A true and correct copy of the 2006 IRS Account Transcript showing the penalty assessment is attached hereto as Exhibit "A."

8. The 2006 IRS Account Transcript reflects that on May 5, 2008 and May 12, 2008, the Internal Revenue Service issued Notices CP 0015 and on March 16, 2009, issued Notice CP 0022.

9. The Internal Revenue Service issued written notice on

2

plaintiff of the aforesaid 2006 assessment and demanded payment.

10. On May 5, 2008, the Internal Revenue Service removed a $250 penalty from plaintiff's 2006 federal income tax account.

11. On June 4, 2008, plaintiff made a direct payment in the amount of $75.00 and another payment in the amount of $191.41 through offset of her 2009 federal income tax refund, paying the 2006 account in full.

12. On April 14, 2008, April 21, 2008, April 28, 2008, May 5, 2008 and May 21, 2008, the Internal Revenue Service assessed miscellaneous penalties totaling $11,500.00 under Section 6694(a) and (b) of the Internal Revenue Code (Title 26, United States Code) against plaintiff for preparer penalties related to the following period and in the following amounts:

| **Period Ended** | **AMOUNT** |
|---|---|
| 12/31/2005 | $4,000.00 |
| 12/31/2005 | $2,000.00 |
| 12/31/2005 | $2,250.00 |
| 12/31/2005 | $1,250.00 |
| 12/31/2005 | $2,000.00 |

A true and correct copy of the 2005 IRS Account Transcript showing the penalty assessment is attached hereto as Exhibit "B."

13. The 2005 IRS Account Transcript reflects that on April 14, 2008, April 21, 2008, April 28, 2008 and May 5, 2008 the

3

Internal Revenue Service issued Notices CP 0015 and on March 16, 2009 and March 30, 2009, issued Notices CP 0022 and on November 16, 2009 and October 4, 2010, issued Notice CP 0039 and on November 15, 2010, issued Notice CP 0021.

14. The Internal Revenue Service issued written notice on plaintiff of the aforesaid 2005 assessment and demanded payment.

15. On April 28, 2008, the Internal Revenue Service removed a $2,250.00 penalty, on April 14, 2008, removed a $4,000.00 penalty, and on April 21, 2008, removed a $2,000 penalty from plaintiff's 2005 federal income tax account.

16. On May 14, 2008, plaintiff made a direct payment in the amount of $1,725.00, another payment in the amount of $2,347.08 through offset of her 2008 federal income tax refund and another payment in the amount of $1,422.90 through offset of her 2009 federal income tax refund paying the 2006 account in full.

17. On March 27, 2008 and November 15, 2010, the Internal Revenue Service assessed miscellaneous penalties under Section 6694(a) and (b) of the Internal Revenue Code (Title 26, United States Code) totaling $19,500.00 against plaintiff for preparer penalties related to the following period and in the following amounts:

4

| Period Ended | AMOUNT |
|---|---|
| 12/31/2004 | $3,500.00 |
| 12/31/2004 | $3,500.00 |
| 12/31/2004 | $5,000.00 |
| 12/31/2004 | $3,000.00 |
| 12/31/2004 | $2,250.00 |
| 12/31/2004 | $ 250.00 |
| 12/31/2004 | $2,000.00 |

A true and correct copy of the 2004 IRS Account Transcript showing the penalty assessment is attached hereto as Exhibit "C."

18. The 2004 IRS Account Transcript reflects the following: on November 10, 2008, December 1, 2008, May 5, 2008 and May 12, 2008, November 16, 2009, the Internal Revenue Service issued Notices CP 0039; on March 16, 2009 and March 30, 2009, the Internal Revenue Service issued Notice CP 0022; on March 16, 2009, the Internal Revenue Service issued Notice CP 0015; and, on November 15, 2010 and November 22, 2010, the Internal Revenue Service issued Notice CP 0021.

19. The Internal Revenue Service issued written notice on plaintiff of the aforesaid 2004 assessment and demanded payment.

20. On March 27, 2008, the Internal Revenue Service removed a $3,500.00 penalty, on March 27, 2008, removed a $3,500.00 penalty, on March 28, 2008, removed a $5,000.00

penalty, on March 27, 2008, removed a $2,000.00 penalty from plaintiff's 2004 federal income tax account.

21. On April 28, 2008, plaintiff made a direct payment in the amount of $2,887.50, another payment in the amount of $3,672.00 through offset of her 2007 federal income tax refund, $600.00 through offset of her 2007 federal income tax refund, $147.92 through offset of her 2008 federal income tax refund and $250 from her 2005 federal income tax account, paying the 2004 account in full.

22. In accordance with appeal procedures set forth in the Internal Revenue Notices proposing the above-referenced civil penalty assessments, the Plaintiff, by and through her duly-appointed representative, Leslie Shields, appealed the penalty assessments by letter dated March 25, 2008, upon the grounds that penalties were not factually supported and erroneously assessed.

23. Although Sections 6212 and 6213 of the Internal Revenue Code, Title 26, provide for a notice of deficiency and restrictions applicable to deficiencies before commencement of the assessment procedures, the Internal Revenue Service never issued plaintiff and plaintiff never received a notice of deficiency allowing her to petition the United States Tax Court to contest the assessments.

24. Plaintiff has never signed any IRS Forms, including

6

IRS Forms 872-D, agreeing to the assessments or waiving her right to the notice of deficiency and applicable assessment procedures within Sections 6212 and 6213 of the Internal Revenue Code, Title 26.

25. On April 23, 2008, Plaintiff timely filed an IRS Form 6118 Claim for Refund for any penalties assessed on the 2006 federal income tax account. See attached Exhibit "D."

26. On May 13, 2008, Plaintiff timely filed an IRS Form 6118 Claim for Refund for any penalties assessed on her 2005 federal income tax account. See attached Exhibit "E."

27. On June 3, 2008, Plaintiff timely filed an IRS Form 6118 Claim for Refund for any penalties assessed on her 2004 federal income tax account. See attached Exhibit "F."

28. Plaintiff's identification number is incorporated in the attached refund claims at Exhibits D, E and F.

29. Plaintiff has fully paid all penalties assessed against her accounts prior to filing this claim.

30. As grounds for recovery, plaintiff hereby incorporates by reference the facts and grounds contained in plaintiff's appeal attached hereto as Exhibit "G" and claims for refund at the above-referenced Exhibits D, E and F. As stated more fully therein, plaintiff did not understate taxpayer liabilities based on unreasonable positions or willful or reckless conduct.

31. On March 22, 2010, the Internal Revenue Service issued

7

collection due process notices of intent to levy for plaintiff's 2005 and 2006 federal income tax accounts.

32. On or before April 22, 2010, Plaintiff timely filed requests for collection due process hearings to dispute the 2005 and 2006 assessments.

33. In accordance with appeal procedures set forth in the Internal Revenue Notices proposing the above-referenced civil penalty assessments, the Plaintiff, by and through her duly-appointed representative, Leslie Shields, again appealed the penalty assessments by letter dated March 9, 2010, upon the grounds that penalties were not factually supported and erroneously assessed and submitted an extensive appeal and substantiation challenging the penalties.

34. On October 12, 2010, the Internal Revenue Service issued a notice of disallowance refusing to abate a $250.00 penalty from the 2006 account, but agreeing to abate $2,000.00 in penalties from the 2005 account and $2,250.00 in penalties from the 2004 federal income tax account and provided that the Plaintiff had two years from the October 12, 2010, date to file a refund suit with the United States District Court. See attached Exhibit "H."

35. The assessment and collection of the above-referenced penalties under Section 6694 (a) and (b) are erroneous and illegal.

36. Plaintiff is not subject to any penalties under Section 6694(a) and (b) and is entitled to a refund of all amounts collected from plaintiff and applied against such penalties, plus interest thereon as provided by law.

**CLAIMS**

37. Plaintiff has overpaid her income taxes for the periods of 2006, 2005 and 2004, and seeks refund of the overpayments of income tax penalties and interest and is entitled to a refund of such overpayment plus interest as provided by law.

38. Plaintiff is the sole and absolute owner of this claim against the defendant and has made no transfer or assignment of any part thereof.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

1. Issue judgment in Plaintiff's favor and against the United States in the amount of all payments made on the 2006, 2005 and 2004 accounts, including but not limited to $13,381.81, for the tax periods ending December 31, 2006, 2005 and 2004, or such other amount as may be legally refundable, plus interest as provided by law; and

2. For Plaintiff's costs, attorney's fees, and such other and further relief as this Court deems appropriate.

Dated: October 12, 2012.

        Respectfully Submitted,
        Legal Aid Society of Middle
        Tennessee and the Cumberlands

By: *[signature]*
        Mary Michelle Gillum (BPR#021193)
        Attorney for Plaintiff
        P.O. Box 5209
        Oak Ridge, TN 37831
        (865) 483-8454, Ext. 240 Telephone
        (865) 483-8905 Facsimile
        Application pending for admission
        to practice in the United States
        District Court for the Eastern
        District of Tennessee

By: *[signature]*
        Janet E. Mynatt (BPR#19516)
        Attorney for Plaintiff
        P.O. Box 5209
        Oak Ridge, TN 37831
        (865) 483-8454, Ext. 211 Telephone
        (865) 483-8905 Facsimile